IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TONYA A DICKSON                                                                    PLAINTIFFS

v.                                      Case No. 4:23-cv-4071

HEMPSTEAD COUNTY, ARKANSAS                                         DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.  ECF No. 22.  Judge Bryant recommends that Defendant's Motion for Summary Judgment (ECF No. 13) be granted. Plaintiff has responded with timely objections.  ECF Nos. 25.  The Court finds the matter ripe for consideration.

## I.  BACKGROUND

Judge Bryant made the following factual findings in his Report and Recommendation.  In January 2019, Plaintiff Tonya Dickson, who is Black, was hired by Defendant Hempstead County Library as a clerk.  Her responsibilities as a clerk included general customer service of patrons, checking books in and out, reshelving books, and other various clerical duties.

On December 1, 2022, the Director of the Library, Courtney McNiel, met with Plaintiff and gave her a verbal warning for standing in one place for prolonged periods with no work tasks, for mis-shelving a significant percentage of books, and for being the subject of a few complaints by patrons.  Patrons described being uncomfortable with Plaintiff initiating religious conversations and praying over them.  On January 19, 2023, McNeil and another library board member met with Plaintiff and told her she was discharged for her lack of improvement regarding her attention to

her job duties.

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 and the Arkansas Civil Rights Act, alleging race discrimination in her termination of employment.  Defendant argues that it is entitled to summary judgment.

## II.  STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C).  After conducting a de novo review of those portions of the report and recommendation which are the subject of objections, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1); *Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990).

The issue before the Court is whether Defendant is entitled to summary judgment.  "Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quotation omitted).  A fact is material only when its resolution affects the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  *Id.* at 252.  "There is no genuine issue of material fact when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party."  *Zimmerli v. City of Kansas City, Missouri*,

996 F.3d 857, 862-63 (8th Cir. 2021) (quotation omitted).

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). "The party moving for summary judgment generally has the burden of demonstrating the absence of any genuine issues of material fact." *Zimmerli*, 996 F.3d at 863. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. The Court conducts its de novo review of the objections to the Report and Recommendation with this standard in mind.

## III. DISCUSSION

Judge Bryant recommends that Defendant's Motion for Summary Judgment (ECF No. 13) be granted because Plaintiff could not show that the circumstances give rise to an inference of discrimination.

When there is no direct evidence of discrimination, Title VII and ACRA race-based discrimination claims are analyzed under the familiar *McDonnell Douglas* burden-shifting framework. *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 792 (8th Cir. 2011) ("[C]laims of discrimination ... are properly analyzed under the same legal framework whether brought under Title VII or ACRA."). Applying this framework to Plaintiff's race discrimination claim, she is required to make a prima facie showing that she: (1) is a member of a protected class; (2) met her employer's legitimate expectations; (3) suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination (for example similarly situated employees outside the protected class were treated differently). *Watson v. McDonough*, 996 F.3d 850, 856 (8th Cir. 2021) (quoting *Mahler v. First Dakota Title Ltd. P'ship*, 931 F.3d 799, 806 (8th

Cir. 2019)).

Judge Bryant concluded that Plaintiff could not make a prima facie showing of race discrimination because the circumstances do not give rise to an inference of discrimination. Plaintiff objects to this conclusion and argues that she has submitted enough evidence to establish this element. Plaintiff testified that she recalled one instance where a white co-worker mis-shelved a single book and one instance where a white co-worker was the subject of a patron complaint that the co-worker asked too many personal questions. ECF No. 13-2, pp. 23-24. In both instances, the co-worker was not discharged. Plaintiff further testified that other co-workers were "always on their cell phone, and always on Facebook, just social media" while at work. ECF No. 13-2, p. 17.

The Court agrees with Judge Bryant that Plaintiff fails to identify similarly situated workers of a different race who were treated differently than Plaintiff. The two specific comparators referenced by Plaintiff each had one instance of mis-shelving a book or improperly interacting with patrons. These comparators did not also have issues with lingering in one spot in the library for prolonged periods, ignoring or neglecting assigned work tasks, mis-shelving a significant number of books, or engaging with patrons in unwelcome religious conversations. Plaintiff has not identified a comparator with a history of job performance issues similar to her own. Further, Plaintiff provides no evidence that the ultimate decision maker in her discharge was biased against her. Accordingly, the Court finds that Plaintiff cannot show that the circumstances give rise to an inference of discrimination. Therefore, Defendant is entitled to summary judgment on Plaintiff's race discrimination claim.

## IV. CONCLUSION

Upon *de novo* review of the Report and Recommendation (ECF No. 22), and for the reasons

discussed above, the Court finds that Plaintiff has offered neither fact nor law which would cause the Court to deviate from Judge Bryant's Report and Recommendation.  Therefore, the Court overrules Plaintiff's objections (ECF No. 25) and adopts the Report and Recommendation (ECF No. 22) *in toto*.  Accordingly, Defendant's Motion for Summary Judgment (ECF No. 13) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

      **IT IS SO ORDERED**, this 31st day of March, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge